# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.) No. 18-0224** (Upshur County 17-F-84)

**James Hugh Lipps II,**
**Defendant Below, Petitioner**

**FILED**

**April 19, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner James Hugh Lipps II, by counsel Hunter D. Simmons, appeals the Circuit Court of Upshur County's February 20, 2018, sentencing order following his conviction for fleeing police in a vehicle with reckless indifference to the safety of others. Respondent State of West Virginia, by counsel Robert L. Hogan, filed a response. On appeal, petitioner asserts that the circuit court erred in admitting video evidence of him fleeing from officers, which contained footage of him fleeing through counties other than the one in which he was tried.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On April 20, 2017, Deputy Tyler Gordon, with the Upshur County Sheriff's Office, observed that the registration sticker on petitioner's vehicle indicated that his registration had expired. Deputy Gordon attempted to initiate a traffic stop by activating his blue lights, but petitioner, after first slowing and pulling toward the shoulder, ultimately sped away. The deputy then activated his siren and gave chase. While fleeing from the deputy in Upshur County, West Virginia, petitioner ran a red light and reached a speed of eighty-nine miles per hour.

Petitioner continued from Upshur County into Lewis County, where he continued driving at high rates of speed, including 100 miles per hour in a 55-miles-per-hour zone. Another deputy joined the pursuit and attempted a "box maneuver," but petitioner evaded capture and sped, at

1

110 miles per hour, into Harrison County.[1] Eventually, other law enforcement agencies joined the pursuit, shut down the highway, and placed stop sticks on the road. After puncturing his tires on these stop sticks, petitioner began to slow down, and Deputy Gordon forced petitioner's vehicle over and arrested him. On September 11, 2017, petitioner was indicted in Upshur County on one count of fleeing police in a vehicle with reckless indifference to the safety of others.

Deputy Gordon recorded most of the chase from his body camera. The recording shows a twenty-six minute and twenty-eight second pursuit, four minutes and forty seconds of which occurred in Upshur County. Prior to petitioner's trial, which began on November 16, 2017, he moved to suppress evidence of the chase that occurred outside of Upshur County. The circuit court denied this motion. Petitioner renewed his motion at trial, and the circuit court again denied it finding that the chase "was all one transaction or occurrence" and that the probative value substantially outweighed any prejudicial effect.[2]

The jury found petitioner guilty of fleeing police in a vehicle with reckless indifference to the safety of others. The circuit court sentenced petitioner to not less than two nor more than five years of incarceration, and it entered its sentencing order memorializing this sentence on February 20, 2018.[3] It is from this order that petitioner appeals.

Petitioner asserts on appeal that the circuit court abused its discretion in admitting the portions of the recording that capture the chase outside of Upshur County. Petitioner argues that this abuse of discretion occurred when the circuit court gave "more weight to the fact that the video evidence was intrinsic, being one continuous act, . . . than to its prejudicial effect outweighing its probative value."

---

[1]Deputy Gordon explained the box maneuver as follows:

Since we had two . . . vehicles[,] I attempted to pass the – the fleeing vehicle; get in front of it. [The second deputy] would be behind it and to the side and we were going to try to box the vehicle off of the roadway at a slow speed.

[2]"'Other act' evidence is 'intrinsic' when the evidence of the other act and the evidence of the crime charged are 'inextricably intertwined' or both acts are part of a 'single criminal episode' or the other acts were 'necessary preliminaries' to the crime charged." *State v. Harris*, 230 W. Va. 717, 721, 742 S.E.2d 133, 137 (2013) (citation omitted). Where conduct is determined to be intrinsic to the charged crime, Rule 404(b) of the West Virginia Rules of Evidence, governing the admissibility of a separate crime, wrong, or other act, is inapplicable. *Id.* at 722, 742 S.E.2d at 138 ("This Court has consistently held that evidence which is 'intrinsic' to the indicted charge is not governed by Rule 404(b).").

[3]Ordinarily, an individual convicted of fleeing police in a vehicle with reckless indifference to the safety of others "shall be imprisoned in a state correctional facility not less than one nor more than five years." W. Va. Code § 61-5-17(f). Petitioner is a recidivist, however, and pursuant to West Virginia Code § 61-11-18(a), the circuit court doubled the minimum term.

We review "[a] trial court's evidentiary rulings, as well as its application of the Rules of Evidence, . . . under an abuse of discretion standard." Syl. Pt. 4, in part, *State v. Rodoussakis*, 204 W. Va. 58, 511 S.E.2d 469 (1998). Likewise, with specific respect "to the balancing under Rule 403, the trial court enjoys broad discretion. The Rule 403 balancing test is essentially a matter of trial conduct, and the trial court's discretion will not be overturned absent a showing of clear abuse." Syl. Pt. 2, *State v. Taylor*, 215 W. Va. 74, 593 S.E.2d 645 (2004) (citation omitted).

Under Rule 403 of the West Virginia Rules of Evidence, a "court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." "Unfair prejudice does not mean damage to a defendant's case that results from the legitimate probative force of the evidence," however. *State v. LaRock*, 196 W. Va. 294, 312, 470 S.E.2d 613, 631 (1996). Instead, "[e]vidence is unfairly prejudicial if it has 'an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.'" *State v. Guthrie*, 194 W. Va. 657, 683 n.37, 461 S.E.2d 163, 189 n.37 (1995) (citation omitted); *see also LaRock*, 196 W. Va. at 312, 470 S.E.2d at 631 ("Unfair prejudice . . . refers to evidence which tends to suggest[] decision on an improper basis."). In other words, "evidence is unfairly prejudicial if it 'appeals to the jury's sympathies, arouses its sense of horror, provokes its instinct to punish, or otherwise may cause a jury to base its decision on something other than the established propositions in the case.'" *Guthrie*, 194 W. Va. at 683 n.37, 461 S.E.2d at 189 n.37 (citation omitted).

Petitioner does not dispute that the evidence has probative value. He only takes issue with the manner in which the circuit court conducted its Rule 403 balancing test—purportedly giving more weight to its intrinsic nature—and argues that the probative value is substantially outweighed by a danger of unfair prejudice. But petitioner fails to explain how the evidence was unfairly prejudicial. He argues neither that the evidence had an "undue tendency to suggest decision on an improper basis," nor that the evidence caused the jury "to base its decision on something other than the established propositions in the case." *Guthrie*, 194 W. Va. at 683 n.37, 461 S.E.2d at 189 n.37. Moreover, we have stated that "Rule 403 was not intended to prohibit a prosecutor from presenting a full picture of a crime." *LaRock*, 196 W. Va. at 313, 470 S.E.2d at 632.[4] For these reasons, we find no error in the circuit court's conclusion following its application of the Rule 403 balancing test.

For the foregoing reasons, we affirm the circuit court's February 20, 2018, sentencing order.

Affirmed.

---

[4]We also note that West Virginia Code § 61-11-12 provides that "[w]hen an offense is committed partly in one county and partly in one or more other counties within this State, it may be alleged that the offense was committed and the accused may be tried in any one county in which any substantial element of the offense occurred."

3

**ISSUED:** April 19, 2019

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison